UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR08-177-RSL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | DETENTION ORDER |
| DEVRON D. QUAST, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>Offense charged</u>:   Conspiracy to Distribute Cocaine and Marijuana

<u>Date of Detention Hearing</u>:   June 11, 2008

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

1.   Defendant has been charged with a drug offense the maximum penalty of which is in excess of ten years. There is therefore a rebuttable presumption against defendant as to both

dangerousness and flight risk, under 18 U.S.C. §3142(e).

2. Defendant is a Canadian citizen. He is employed by his father at an automobile dealership in British Columbia. The AUSA alleges that the defendant is one of the main organizers of a sophisticated international drug trafficking organization and that approximately 7300 gross pounds of marijuana with a street value of $18 million and approximately 1300 gross pounds of cocaine with a street value of $12 million have been seized from drug trafficking operations conducted by the organization. The Indictment charges that defendant oversaw the daily operations of the North American narcotics transportation network, and provided insurance to guarantee customers a return on their investment in marijuana if a load of narcotics was seized by law enforcement. The indictment also charges that defendant provided electronic communication devices to coconspirators for the purpose of covert communication. The indictment charges, and the AUSA proffers, that defendant and a coconspirator planned to bribe a border agent to facilitate the importation of a shipment of marijuana into the United States. The AUSA also proffers alleged efforts by the defendant to ascertain whether two arrested coconspirators were cooperating with law enforcement in California, providing names of the individuals to an undercover agent who he believed was a corrupt police officer. Defendant is also alleged to have acknowledged responsibility for a shipment of 596 pounds of cocaine seized by law enforcement in July 2007 in California.

3. Although defendant has strong ties to the British Columbia community in which he lives, he has no ties to this District. A detainer has been placed by the Bureau of Immigration and Customs Enforcement.

4. Taken as a whole, the record does not effectively rebut the presumption that no

condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 11th day of June, 2008.

Mary Alice Theiler
United States Magistrate Judge

DETENTION ORDER  
18 U.S.C. § 3142(i)  
PAGE 3

15.13  
Rev. 1/91