UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

              Plaintiff,

     v.

DEVRON QUAST,

              Defendant.

No. CR08-177RSL

ORDER GRANTING IN PART
DEFENDANT QUAST'S MOTION
FOR DISCLOSURE OF
RECORDED STATEMENTS

## I. INTRODUCTION

This matter comes before the Court on defendant Devron Quast's "Motion to Order Disclosure of Defendant's Recorded Statements" (Dkt. #105). Defendant is charged in the superceding indictment with conspiracy to distribute cocaine and marijuana and conspiracy to engage in money laundering. See Dkt. #64. In his motion, defendant requests an order under Fed. R. Crim. P. 16(a)(1)(B) compelling the government to disclose any recordings of the defendant, including any recordings made in Canada. See Motion at 1. In response, the government contends that defendant's motion should be denied as moot because "the government is unaware of any relevant recorded statements made by Defendant in Canada." Response at 1 (emphasis added). In reply, defendant reiterates that he seeks disclosure of any recorded statements "whether the government deems them to be 'relevant' or not." Reply at 1. For the reasons set forth below, the Court grants defendant's motion in part.

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR DISCLOSURE OF RECORDED STATEMENTS

## II. DISCUSSION

Federal Rule of Criminal Procedure 16(a)(1)(B) states in part:

> Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photocopying, all of the following:
>
> (i) any relevant written or recorded statement by the defendant if:
>
> • the statement is within the government's possession, custody, or control; and
>
> • the attorney for the government knows—or through due diligence could know—that the statement exists[.]

Although Rule 16(a)(1)(B) only expressly requires the government to disclose "relevant" written or recorded statements, the Ninth Circuit has interpreted the relevancy requirement broadly because Rule 16 empowers the government alone to determine the relevancy of the material. As Judge Reinhardt explained in United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982):

> There is a problem in implementing Rule 16(a)(1)(A)[1] that results from the fact that the Government must determine what evidence in its possession may be relevant before it is fully advised as to the nature of the intended defense. The Government can easily assess what is relevant to its case, but it may not be possible for the Government to discern with any certainty what is relevant from the defendant's standpoint. The defendant, on the other hand, has a right to the recorded statements under Rule 16 if they are relevant, but cannot advise the government of their relevance to the case since he may not know of their existence. Under these circumstances, Rule 16(a)(1)(A) can fully serve its intended purpose only if the Government takes a broad view of what is relevant for purposes of that provision. We believe the Government should disclose any statement made by the defendant that may be relevant to any possible defense or contention that the defendant might assert. <u>Ordinarily, a statement made by the defendant during the course of the investigation of the crime charged should be presumed to be subject to disclosure, unless it is clear that the statement cannot be relevant. Where the Government is in doubt, the written or recorded statement should be disclosed, if a proper request is made.</u>

Id. at 1114 (emphasis added); see also United States v. Isa, 413 F.2d 244, 248 (7th Cir. 1969)

---

[1] This portion of former Rule 16(a)(1)(A) is now located in Rule 16(a)(1)(B) following the 2002 rule amendments. See Fed. R. Crim. P. 19 Advisory Committee Notes (2002 Amendments) ("Current Rule 16(a)(1)(A) is now located in Rule 16(a)(1)(A), (B), and (C).").

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR DISCLOSURE OF RECORDED STATEMENTS     -2-

(holding "a defendant has the right to an order permitting him to inspect his own written or recorded statements" absent the basis for a protective order); United States v. Pesaturo, 519 F. Supp. 2d 177, 189 (D. Mass. 2007) ("The right of a defendant under Rule 16 to his own recorded statements is presumptive.").

The dispute between the parties here hinges on whether the government has any relevant recorded statements. Notably absent from the government's response to defendant's motion, however, is a representation whether any statements exist. Instead, the government simply asserts that there are no relevant recorded statements. Based on the compelling authority cited above, and in light of the pragmatic difficulties in administering Rule 16, the Court orders the government to disclose whether any recordings of defendant exist as provided below.

### III. CONCLUSION

For all the foregoing reasons, the Court GRANTS IN PART defendant's motion (Dkt. #105), and ORDERS the government: (1) to disclose whether any recordings of defendant exist; and (2) if recordings do exist, to describe the nature and subject matter of the recordings in sufficient detail for the Court to determine, and defendant to contest, whether the recordings are relevant. The government shall file and serve this disclosure within 10 days from the date of this Order. Should materials exist, the government may, if necessary, seek a protective order for this disclosure upon a proper showing pursuant to Fed. R. Crim. P. 16(d).

DATED this 24th day of July, 2008.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S MOTION
FOR DISCLOSURE OF RECORDED STATEMENTS    -3-